1  BILAL A. ESSAYLI
   United States Attorney
2  DAVID T. RYAN
   Assistant United States Attorney
3  Chief, National Security Division
   KHALDOUN SHOBAKI (Cal. Bar No. 232864)
4  Assistant United States Attorney
   Chief, Cyber & I.P. Crimes Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0759
7       Facsimile: (213) 894-2927
        E-mail:   khaldoun.shobaki@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

```
                        FILED
                 CLERK, U.S. DISTRICT COURT

                    9/23/25

                 CENTRAL DISTRICT OF CALIFORNIA
                 BY:      MRV        DEPUTY
```

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. 2:25-cr-00776-AB

13              Plaintiff,           PLEA AGREEMENT FOR DEFENDANT
                                     SABRINA THIPDAVONE RHODES
14              v.

15  SABRINA THIPDAVONE RHODES,

16              Defendant.

17

18      1.   This constitutes the plea agreement between SABRINA

19  THIPDAVONE RHODES ("defendant") and the United States Attorney's

20  Office for the Central District of California (the "USAO") in the

21  above-captioned case.  This agreement is limited to the USAO and

22  cannot bind any other federal, state, local, or foreign prosecuting,

23  enforcement, administrative, or regulatory authorities.

24              DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26      a.   Give up the right to indictment by a grand jury and,

27  at the earliest opportunity requested by the USAO and provided by the

28  Court, appear and plead guilty to an information in the form attached

1  to this agreement as Exhibit A or a substantially similar form, that

2  charges defendant with theft of government property in violation of

3  18 U.S.C. § 641.

4          b.   Not contest facts agreed to in this agreement.

5          c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7          d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10         e.   Not commit any crime; however, offenses that would be

11 excluded for sentencing purposes under United States Sentencing

12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13 within the scope of this agreement.

14         f.   Be truthful at all times with the United States

15 Probation and Pretrial Services Office and the Court.

16         g.   Pay the applicable special assessment at or before the

17 time of sentencing unless defendant has demonstrated a lack of

18 ability to pay such assessments.

19         h.   Defendant agrees that any and all criminal debt

20 ordered by the Court will be due in full and immediately.  The

21 government is not precluded from pursuing, in excess of any payment

22 schedule set by the Court, any and all available remedies by which to

23 satisfy defendant's payment of the full financial obligation,

24 including referral to the Treasury Offset Program.

25         i.   Complete the Financial Disclosure Statement on a form

26 provided by the USAO and, within 30 days of defendant's entry of a

27 guilty plea, deliver the signed and dated statement, along with all

28 of the documents requested therein, to the USAO by either email at

1  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

2  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

3  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

4  criminal debt shall be assessed based on the completed Financial

5  Disclosure Statement and all required supporting documents, as well

6  as other relevant information relating to ability to pay.

7       j.   Authorize the USAO to obtain a credit report upon

8  returning a signed copy of this plea agreement.

9       k.   Consent to the USAO inspecting and copying all of

10  defendant's financial documents and financial information held by the

11  United States Probation and Pretrial Services Office.

THE USAO'S OBLIGATIONS

13  3.   The USAO agrees to:

14       a.   Not contest facts agreed to in this agreement.

15       b.   Abide by all agreements regarding sentencing contained

16  in this agreement.

17       c.   At the time of sentencing, provided that defendant

18  demonstrates an acceptance of responsibility for the offense up to

19  and including the time of sentencing, recommend a two-level reduction

20  in the applicable Sentencing Guidelines offense level, pursuant to

21  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

22  additional one-level reduction if available under that section.

23       d.   Except for criminal tax violations (including

24  conspiracy to commit such violations chargeable under 18 U.S.C.

25  § 371), not further criminally prosecute defendant for violations of

26  18 U.S.C. §§ 1956, 1957 arising out of defendant's conduct described

27  in the agreed-to factual basis set forth in paragraph 9 below.

28  Defendant understands that the USAO is free to criminally prosecute

3

1  defendant for any other unlawful past conduct or any unlawful conduct
2  that occurs after the date of this agreement.  Defendant agrees that
3  at the time of sentencing the Court may consider the uncharged
4  conduct in determining the applicable Sentencing Guidelines range,
5  the propriety and extent of any departure from that range, and the
6  sentence to be imposed after consideration of the Sentencing
7  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

8                          NATURE OF THE OFFENSE

9       4.   Defendant understands that for defendant to be guilty of
10  the crime charged in the information, that is, theft of government
11  property, in violation of Title 18, United States Code, Section 641,
12  the following must be true:  First, defendant knowingly stole
13  property of value with the intention of depriving the owner of the
14  user or benefit of the property.  Second, the property belonged to
15  the United States.  Third, the value of the property was more than
16  $1,000.

17                       PENALTIES AND RESTITUTION

18      5.   Defendant understands that the statutory maximum sentence
19  that the Court can impose for a violation of Title 18, United States
20  Code, Section 641, is: 10 years imprisonment; a 3-year period of
21  supervised release; a fine of $250,000 or twice the gross gain or
22  gross loss resulting from the offense, whichever is greatest; and a
23  mandatory special assessment of $100.

24      6.   Defendant understands that defendant will be required to
25  pay full restitution to the victim(s) of the offense to which
26  defendant is pleading guilty.  Defendant agrees that, in return for
27  the USAO's compliance with its obligations under this agreement, the
28  Court may order restitution to persons other than the victim(s) of

                                    4

1  the offense to which defendant is pleading guilty and in amounts

2  greater than those alleged in the count to which defendant is

3  pleading guilty.  Defendant agrees that the Court may order

4  restitution to any victim of any of the following for any losses

5  suffered by that victim as a result of any relevant conduct, as

6  defined in U.S.S.G. § 1B1.3, in connection with the offense to which

7  defendant is pleading guilty.  The parties currently believe that the

8  applicable amount of restitution is approximately $689,688 but

9  recognize and agree that this amount could change based on facts that

10 come to the attention of the parties prior to sentencing.

11      7.   Defendant understands that supervised release is a period

12 of time following imprisonment during which defendant will be subject

13 to various restrictions and requirements.  Defendant understands that

14 if defendant violates one or more of the conditions of any supervised

15 release imposed, defendant may be returned to prison for all or part

16 of the term of supervised release authorized by statute for the

17 offense that resulted in the term of supervised release, which could

18 result in defendant serving a total term of imprisonment greater than

19 the statutory maximum stated above.

20      8.   Defendant understands that, by pleading guilty, defendant

21 may be giving up valuable government benefits and valuable civic

22 rights, such as the right to vote, the right to possess a firearm,

23 the right to hold office, and the right to serve on a jury. Defendant

24 understands that she is pleading guilty to a felony and that it is a

25 federal crime for a convicted felon to possess a firearm or

26 ammunition.  Defendant understands that the conviction in this case

27 may also subject defendant to various other collateral consequences,

28 including but not limited to revocation of probation, parole, or

5

1  supervised release in another case and suspension or revocation of a

2  professional license.  Defendant understands that unanticipated

3  collateral consequences will not serve as grounds to withdraw

4  defendant's guilty plea.

5      9.    Defendant understands that, if defendant is not a United

6  States citizen, the felony conviction in this case may subject

7  defendant to: removal, also known as deportation, which may, under

8  some circumstances, be mandatory; denial of citizenship; and denial

9  of admission to the United States in the future.  The Court cannot,

10  and defendant's attorney also may not be able to, advise defendant

11  fully regarding the immigration consequences of the felony conviction

12  in this case.  Defendant understands that unexpected immigration

13  consequences will not serve as grounds to withdraw defendant's guilty

14  plea.

15                              FACTUAL BASIS

16     10.    Defendant admits that defendant is, in fact, guilty of the

17  offense to which defendant is agreeing to plead guilty.  Defendant

18  and the USAO agree to the statement of facts provided below and agree

19  that this statement of facts is sufficient to support a plea of

20  guilty to the charge described in this agreement and to establish the

21  Sentencing Guidelines factors set forth in paragraph 12 below but is

22  not meant to be a complete recitation of all facts relevant to the

23  underlying criminal conduct or all facts known to either party that

24  relate to that conduct.

25      In July 2022, defendant was employed as an Intelligence Analyst

26  with the Nevada High Intensity Drug Trafficking Area ("HIDTA") and

27  worked with the Drug Enforcement Administration's ("DEA") Las Vegas

28  District Office.  On July 21, 2022, as part of her job duties,

defendant assisted with the seizure of virtual currency during an investigation.  The seizure involved transferring 243,199.0421 of the virtual currency Ripple ("XRP") from a virtual currency wallet controlled by a third party to a physical virtual currency wallet (the "DEA Wallet") controlled by the government.  During the process of transferring the XRP, defendant wrote down and retained in her notebook the "seed phrase" for the government wallet – a sequence of words that would allow anyone who possessed them to remove funds from the DEA Wallet, even if they did not physically possess the DEA Wallet.  In September 2023, after a series of moves within government custody, the DEA Wallet was stored at a secure location with the DEA's Los Angeles Field Division, in the Central District of California.

On November 22, 2023, using the seed phrases in her possession, defendant reconstituted the DEA Wallet and moved the 243,188.0371 XRP from the DEA Wallet to virtual currency address that she controlled. On that date, one XRP token was worth approximately $0.6119, making the value of the stolen XRP approximately $148,807.  Defendant moved the XRP from that virtual currency address to other virtual currency addresses in a series of transactions:

- December 16, 2023, a transfer of 19,225.799367 XRP (then worth approximately $11,916)

- March 22, 2024, a transfer of 24,686.837214 XRP (then worth approximately $15,081)

- November 1-2, 2024, a series of 11 transfers totaling 199,265.335529 XRP (then worth approximately $101,605)

In each instance, defendant converted the transferred XRP to the privacy enhanced virtual currency Monero, and then, in some instances

7

1    back to XRP.  Defendant converted the funds into Monero in an effort
2    to defeat the ability of law enforcement to trace the movement of the
3    XRP that defendant stole from the DEA Wallet.  In addition to the use
4    of Monero, defendant also used a pre-paid burner phone to conduct
5    most of the virtual currency laundering transactions to avoid having
6    those transactions traced to her.

7        Defendant exchanged most of the Monero for cash with individuals
8    located in the Las Vegas area.  Defendant then used the cash for
9    personal use, including to pay household expenses, credit cards, and
10   gifts for family members.

11       Defendant admits that the value of the 243,199.0421 XRP stolen
12   from the DEA Wallet as of the date of execution of this plea
13   agreement would have been approximately $689,688.

SENTENCING FACTORS

15       11.  Defendant understands that in determining defendant's
16   sentence the Court is required to calculate the applicable Sentencing
17   Guidelines range and to consider that range, possible departures
18   under the Sentencing Guidelines, and the other sentencing factors set
19   forth in 18 U.S.C. § 3553(a).  Defendant understands that the
20   Sentencing Guidelines are advisory only, that defendant cannot have
21   any expectation of receiving a sentence within the calculated
22   Sentencing Guidelines range, and that after considering the
23   Sentencing Guidelines and the other § 3553(a) factors, the Court will
24   be free to exercise its discretion to impose any sentence it finds
25   appropriate up to the maximum set by statute for the crime of
26   conviction.

27       12.  Defendant and the USAO agree to the following applicable
28   Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss exceeded $95,000 | +8 | U.S.S.G. § 2B1.1(b)(1)(E) |
| Abuse of trust | +2 | U.S.S.G. § 3B1.3 |

If it is determined that defendant has no criminal history points, the parties agree that the zero point offender provision under U.S.S.G. § 4C1.1 should apply.

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

        c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1          e.    The right to confront and cross-examine witnesses

2    against defendant.

3          f.    The right to testify and to present evidence in

4    opposition to the charges, including the right to compel the

5    attendance of witnesses to testify.

6          g.    The right not to be compelled to testify, and, if

7    defendant chose not to testify or present evidence, to have that

8    choice not be used against defendant.

9          h.    Any and all rights to pursue any affirmative defenses,

10   Fourth Amendment or Fifth Amendment claims, and other pretrial

11   motions that have been filed or could be filed.

<u>WAIVER OF VENUE</u>

13   16.   Having been fully advised by defendant's attorney regarding

14   the requirements of venue with respect to the offense to which

15   defendant is pleading guilty, to the extent the offense to which

16   defendant is pleading guilty were committed, begun, or completed

17   outside the Central District of California, defendant knowingly,

18   voluntarily, and intelligently waives, relinquishes, and gives up:

19   (a) any right that defendant might have to be prosecuted only in the

20   district where the offense to which defendant is pleading guilty were

21   committed, begun, or completed; and (b) any defense, claim, or

22   argument defendant could raise or assert based upon lack of venue

23   with respect to the offense to which defendant is pleading guilty.

<u>WAIVER OF APPEAL OF CONVICTION</u>

25   17.   Defendant understands that, with the exception of an appeal

26   based on a claim that defendant's guilty plea was involuntary, by

27   pleading guilty defendant is waiving and giving up any right to

28   appeal defendant's conviction on the offense to which defendant is

1  pleading guilty.  Defendant understands that this waiver includes,
2  but is not limited to, arguments that the statute to which defendant
3  is pleading guilty is unconstitutional, and any and all claims that
4  the statement of facts provided herein is insufficient to support
5  defendant's plea of guilty.

6                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

7      18.  Defendant agrees that, provided the Court imposes a term of
8  imprisonment within or below the range corresponding to an offense
9  level of 13 and the criminal history category calculated by the
10 Court, defendant gives up the right to appeal all of the following:
11 (a) the procedures and calculations used to determine and impose any
12 portion of the sentence; (b) the term of imprisonment imposed by the
13 Court; (c) the fine imposed by the Court, provided it is within the
14 statutory maximum; (d) to the extent permitted by law, the
15 constitutionality or legality of defendant's sentence, provided it is
16 within the statutory maximum; (e) the amount and terms of any
17 restitution order, provided it requires payment of no more than
18 $689,688; (f) the term of probation or supervised release imposed by
19 the Court, provided it is within the statutory maximum; and (g) any
20 of the following conditions of probation or supervised release
21 imposed by the Court: the conditions set forth in Second Amended
22 General Order 20-04 of this Court; the drug testing conditions
23 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
24 drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25     19.  The USAO agrees that, provided (a) all portions of the
26 sentence are at or below the statutory maximum specified above and
27 (b) the Court imposes a term of imprisonment within or above the
28 range corresponding to an offense level of 11 and the criminal

                                    11

1    history category calculated by the Court, the USAO gives up its right

2    to appeal any portion of the sentence, with the exception that the

3    USAO reserves the right to appeal the amount of restitution ordered

4    if that amount is less than $689,688.

5        WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

6        20.  Defendant agrees that: (i) any statements made by

7    defendant, under oath, at the guilty plea hearing; (ii) the agreed to

8    factual basis statement in this agreement; and (iii) any evidence

9    derived from such statements, shall be admissible against defendant

10   in any action against defendant, and defendant waives and gives up

11   any claim under the United States Constitution, any statute, Rule 410

12   of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

13   Criminal Procedure, or any other federal rule, that the statements or

14   any evidence derived from the statements should be suppressed or are

15   inadmissible.

16       Defendant further agrees that this paragraph of the agreement is

17   severable.  Thus, defendant's waivers are binding and effective even

18   if, subsequent to defendant's signing this agreement, defendant

19   declines to plead guilty, the Court declines to accept his guilty

20   plea, or, if this agreement is of the type described in Federal Rule

21   of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects

22   this agreement.  Defendant also agrees that his waivers are binding

23   and effective even if some other portion of this agreement is found

24   to be invalid by this Court or the Ninth Circuit.

25       RESULT OF WITHDRAWAL OF GUILTY PLEA

26       21.  Defendant agrees that if, after entering a guilty plea

27   pursuant to this agreement, defendant seeks to withdraw and succeeds

28   in withdrawing defendant's guilty plea on any basis other than a

1  claim and finding that entry into this plea agreement was
2  involuntary, then (a) the USAO will be relieved of all of its
3  obligations under this agreement; and (b) should the USAO choose to
4  pursue any charge that was either dismissed or not filed as a result
5  of this agreement, then (i) any applicable statute of limitations
6  will be tolled between the date of defendant's signing of this
7  agreement and the filing commencing any such action; and
8  (ii) defendant waives and gives up all defenses based on the statute
9  of limitations, any claim of pre-indictment delay, or any speedy
10 trial claim with respect to any such action, except to the extent
11 that such defenses existed as of the date of defendant's signing this
12 agreement.

13                    EFFECTIVE DATE OF AGREEMENT

14      22.  This agreement is effective upon signature and execution of
15 all required certifications by defendant, defendant's counsel, and an
16 Assistant United States Attorney.

17                       BREACH OF AGREEMENT

18      23.  Defendant agrees that if defendant, at any time after the
19 signature of this agreement and execution of all required
20 certifications by defendant, defendant's counsel, and an Assistant
21 United States Attorney, knowingly violates or fails to perform any of
22 defendant's obligations under this agreement ("a breach"), the USAO
23 may declare this agreement breached.  All of defendant's obligations
24 are material, a single breach of this agreement is sufficient for the
25 USAO to declare a breach, and defendant shall not be deemed to have
26 cured a breach without the express agreement of the USAO in writing.
27 If the USAO declares this agreement breached, and the Court finds
28 such a breach to have occurred, then: (a) if defendant has previously

                              13

1  entered a guilty plea pursuant to this agreement, defendant will not
2  be able to withdraw the guilty plea, and (b) the USAO will be
3  relieved of all its obligations under this agreement.
4     24.  Following the Court's finding of a knowing breach of this
5  agreement by defendant, should the USAO choose to pursue any charge
6  that was either dismissed or not filed as a result of this agreement,
7  then:
8         a.  Defendant agrees that any applicable statute of
9  limitations is tolled between the date of defendant's signing of this
10 agreement and the filing commencing any such action.
11        b.  Defendant waives and gives up all defenses based on
12 the statute of limitations, any claim of pre-indictment delay, or any
13 speedy trial claim with respect to any such action, except to the
14 extent that such defenses existed as of the date of defendant's
15 signing this agreement.

16       COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
17                     OFFICE NOT PARTIES

18    25.  Defendant understands that the Court and the United States
19 Probation and Pretrial Services Office are not parties to this
20 agreement and need not accept any of the USAO's sentencing
21 recommendations or the parties' agreements to facts or sentencing
22 factors.
23    26.  Defendant understands that both defendant and the USAO are
24 free to: (a) supplement the facts by supplying relevant information
25 to the United States Probation and Pretrial Services Office and the
26 Court, (b) correct any and all factual misstatements relating to the
27 Court's Sentencing Guidelines calculations and determination of
28 sentence, and (c) argue on appeal and collateral review that the

14

1  Court's Sentencing Guidelines calculations and the sentence it

2  chooses to impose are not error, although each party agrees to

3  maintain its view that the calculations in paragraph 12 are

4  consistent with the facts of this case.  While this paragraph permits

5  both the USAO and defendant to submit full and complete factual

6  information to the United States Probation and Pretrial Services

7  Office and the Court, even if that factual information may be viewed

8  as inconsistent with the facts agreed to in this agreement, this

9  paragraph does not affect defendant's and the USAO's obligations not

10 to contest the facts agreed to in this agreement.

11     27.  Defendant understands that even if the Court ignores any

12 sentencing recommendation, finds facts or reaches conclusions

13 different from those agreed to, and/or imposes any sentence up to the

14 maximum established by statute, defendant cannot, for that reason,

15 withdraw defendant's guilty plea, and defendant will remain bound to

16 fulfill all defendant's obligations under this agreement.  Defendant

17 understands that no one -- not the prosecutor, defendant's attorney,

18 or the Court -- can make a binding prediction or promise regarding

19 the sentence defendant will receive, except that it will be within

20 the statutory maximum.

21                    NO ADDITIONAL AGREEMENTS

22     28.  Defendant understands that, except as set forth herein,

23 there are no promises, understandings, or agreements between the USAO

24 and defendant or defendant's attorney, and that no additional

25 promise, understanding, or agreement may be entered into unless in a

26 writing signed by all parties or on the record in court.

27

28

1      <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2          29.  The parties agree that this agreement will be considered

3      part of the record of defendant's guilty plea hearing as if the

4      entire agreement had been read into the record of the proceeding.

5      AGREED AND ACCEPTED

6      UNITED STATES ATTORNEY'S OFFICE
       FOR THE CENTRAL DISTRICT OF

7      CALIFORNIA

8      BILAL A. ESSAYLI
       United States Attorney

9

10     _____        9/23/2025
       KHALDOUN SHOBAKI                        _____

11     Assistant United States Attorney        Date

12     _____         _____9/16/25_____
       SABRINA THIPDAVONE RHODES                Date

13     Defendant

14     _____         _____9/12/25_____
       TONY ABBATANGELO                         Date

15     Attorney for Defendant
       SABRINA THIPDAVONE RHODES

16

17

18              <u>CERTIFICATION OF DEFENDANT</u>

19         I have read this agreement in its entirety.  I have had enough

20     time to review and consider this agreement, and I have carefully and

21     thoroughly discussed every part of it with my attorney.  I understand

22     the terms of this agreement, and I voluntarily agree to those terms.

23     I have discussed the evidence with my attorney, and my attorney has

24     advised me of my rights, of possible pretrial motions that might be

25     filed, of possible defenses that might be asserted either prior to or

26     at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27     of relevant Sentencing Guidelines provisions, and of the consequences

28     of entering into this agreement.  No promises, inducements, or

                                16

representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____        9/16/25
SABRINA THIPDAVONE RHODES              Date
Defendant

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

    I am SABRINA THIPDAVONE RHODES's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of her rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____        9/16/25
TONY ABBATANGELO                       Date
Attorney for Defendant
SABRINA THIPDAVONE RHODES

17

**Exhibit A**

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          CR No.

11          Plaintiff,                 I N F O R M A T I O N

12          v.                         [18 U.S.C. § 641: Theft of
                                       Government Property in Excess of
13  SABRINA THIPDAVONE RHODES,         $1,000; 28 U.S.C. § 2461(c):
                                       Criminal Forfeiture]
14          Defendant.

15

16

17      The United States Attorney charges:

18                      [18 U.S.C. § 641]

19      On or about November 22, 2023, in Los Angeles County, within the

20  Central District of California, defendant SABRINA THIPDAVONE RHODES

21  knowingly and willfully stole property of the United States, having a

22  value in the aggregate in excess of $1,000, namely, 243,199.0421 of

23  the virtual currency Ripple, with the intent to deprive the

24  government of the use and benefit of that property.

25

26

27

28

1                       FORFEITURE ALLEGATION

2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3        1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of the defendant's conviction of

8   the offense set forth in this Information.

9        2.   The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11            (a)  All right, title and interest in any and all property,

12  real or personal, constituting, or derived from, any proceeds

13  traceable to any such offense; and

14            (b)  To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17       3.   Pursuant to Title 21, United States Code, Section 853(p), as

18  incorporated by Title 28, United States Code, Section 2461(c), the

19  defendant shall forfeit substitute property, up to the total value of

20  the property described in the preceding paragraph if, as the result

21  of any act or omission of the defendant, the property described in

22  the preceding paragraph, or any portion thereof: (a) cannot be

23  located upon the exercise of due diligence; (b) has been transferred,

24  sold to or deposited with a third party; (c) has been placed beyond

25  the jurisdiction of the court; (d) has been substantially diminished

26  //

27  //

28

1  in value; or (e) has been commingled with other property that cannot
2  be divided without difficulty.
3
4
5                                          BILAL A. ESSAYLI
                                           United States Attorney
6
7
8                                          DAVID T. RYAN
                                           Assistant United States Attorney
                                           Chief, National Security Division
9
                                           KHALDOUN SHOBAKI
10                                         Assistant United States Attorney
                                           Chief, Cyber & I.P. Crimes
11                                         Section
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                   3